IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50953
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                         versus

BILL WILLIAMS, JR.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. MO-97-CR-13-1
_____

July 27, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Bill Williams, Jr., appeals his jury trial convictions for two
counts of possession with intent to distribute cocaine base and one
count of maintaining a residence for the purpose of distributing
cocaine base.  Williams did not renew his motion for a directed
verdict of acquittal at the close of the government's evidence and
review is limited to whether there has been a manifest miscarriage
of justice.  United States v. Shannon, 21 F.3d 77, 83 (5th Cir.
1994).  Williams's knowing possession of cocaine base and knowing

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

use of his residence to store cocaine base were clearly supported by the record. Williams's intent to distribute the drugs may be inferred from the drug quantity, packaging, presence of drug paraphernalia that was inconsistent with personal use, and presence of a loaded firearm in close physical proximity to the drugs. See United States v. Hunt, 129 F.3d 739, 742 (5th Cir. 1997).

The district court did not commit plain error in failing to find that count 3 and count 4 merged. See United States v. Callwood, 66 F.3d 1110, 1115 (10th Cir. 1995); United States v. Church, 970 F.2d 401, 407-408 (7th Cir. 1992); cf. United States v. Cooper, 966 F.2d 936, 939 (5th Cir. 1992). The district court did not abuse its discretion in refusing to reveal the name of the confidential informant, see United States v. Wilson, 77 F.3d 105, 111-112 (5th Cir. 1996), nor did it abuse its discretion in admitting background evidence regarding information Fletcher received from an informant about drug trafficking at Williams's residence. See United States v. Carillo, 20 F.3d 617, 619 (5th Cir. 1994). The district court did not abuse its discretion in refusing to give a jury instruction regarding the lesser included offense of simple possession because it concluded that a rational jury could not find Williams guilty of the lesser offense yet acquit him of the greater offense. See United States v. Harrison, 55 F.3d 163, 167 (5th Cir. 1995).

A F F I R M E D.